**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEIGTECH EAST BAY LLC, | |
| Plaintiff, | Civil Action No: 1:20-cv-10195-CM |
| v. | **JURY TRIAL DEMANDED** |
| LUTRON ELECTONICS CO., INC. | |
| Defendant. | |

## AGREED PROTECTIVE ORDER

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**I.      INFORMATION SUBJECT TO THIS ORDER**

A.      Confidential discovery materials produced in this case may be designated as one of two categories: CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY. Both of these categories of information shall be identified collectively in this Order by the title "Protected Information." Discovery material may be designated as Protected Information by the Producing Party by marking it "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" in accordance with this Order.

B.      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures

-1-

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/20

under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

C.      Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Information in court or in any court filing with the consent of the Producing Party or by order of the Court.

D.      This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

E.      **Protected Information**

1.      For purposes of this Order, Protected Information shall mean only that discovery material or testimony so designated by a Producing Party, including any Party to this action and any non-party producing information voluntarily or pursuant to a subpoena or court order in connection with this action, that the Producing Party believes in good faith to be trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or any material or testimony that has not been published or otherwise made publicly available where the Producing Party reasonably believes it owes an obligation of confidentiality to an employee or third party with respect to such material or testimony. Protected Information obtained by any Party pursuant to discovery in this action may be used only for purposes of this action.

-2-

AGREED PROTECTIVE ORDER

2.      Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the Protected Information designations listed in Paragraph I(E) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

3.      All Protected Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2 shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

4.      Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, designated CONFIDENTIAL ATTORNEYS EYES ONLY (unless otherwise designated at the time of inspection) for twenty-one days following the inspection. During this period, the Producing Party may designate the Protected Information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY in accordance with this Order.

5.      The following are examples of information that is not Protected Information:

a.      Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b.    Any information that the Receiving Party can show was already publicly known prior to the disclosure;

c.    Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party;

d.    Any information which the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Information;

e.    Any advertising materials that have been actually published or publicly disseminated; and

f.    Any materials that have been disseminated to the public.

g.    Documents that include no Protected Information

6.    Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.    Outside litigation counsel of record for the Receiving Party and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters to whom it is reasonably necessary to disclose the information for this litigation;

b.    Technical advisers and their necessary support personnel, subject to the provisions of paragraphs IIA-IIF herein, and who have signed and provided the form attached hereto as Exhibit A; the term "technical adviser" as used herein shall mean independent outside expert witnesses or consultants (i.e., not employees of a Party or of a competitor of a Party, and who at the time of retention are not anticipated to become employees of a Party or a

-4-

competitor of a Party) with whom counsel may deem it necessary to consult and who comply with Section 3;

       c.      Officers and employees of the Parties who are actively involved in the prosecution or defense of this Action who, prior to any disclosure of Protected Information to such person, have signed the form attached hereto as Exhibit A.

       d.      The Court, its personnel, law clerks, stenographic reporters and appointed special masters (under seal or with other suitable precautions determined by the Court);

       e.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-–technical jury or trial consulting services not including mock jurors; persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; provided that all such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

       f.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

       g.      An author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information. Such person shall be given access only to the specific document or information therein.

-5-

F.     **Information Designated "CONFIDENTIAL ATTORNEYS EYES ONLY"**

1.     The CONFIDENTIAL ATTORNEYS EYES ONLY designation is reserved for Protected Information that constitutes or contains (a) commercially sensitive marketing, financial, sales, web traffic, research and development, or technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party; (e) trade secrets, pricing information, sales or marketing forecasts or plans, sales or marketing strategy, product development information, sensitive employee personal information, customer lists, other non-public information of similar competitive and business sensitivity, and/or (f) information that is likely to cause economic harm or significant competitive disadvantage to the Producing Party if disclosed. In determining whether information should be designated as CONFIDENTIAL ATTORNEYS EYES ONLY, each Party agrees to use such designation only in good faith.

2.     Documents designated CONFIDENTIAL ATTORNEYS EYES ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs 1.E.6.a, b, d, e, f, and g, along with in-house counsel for the Parties (and their necessary support personnel) who either have responsibility for making decisions dealing directly with the litigation of this Action, or are assisting outside counsel in the litigation of this Action and have signed the form attached hereto as Exhibit A.

-6-

G.    **Source Code**

In the event source code is requested, produced, or generated in disclosures or responses to discovery in this matter, the Parties shall negotiate in good faith the terms of a Supplemental Stipulated Protective Order governing the production of source code. In the event the Parties are able to reach agreement on the terms of a Supplemental Stipulated Protective Order, the Receiving Party shall move for entry of the Supplemental Stipulated Protective Order. In the event the Parties are unable to reach agreement on the terms of a Supplemental Stipulated Protective Order, any Party may move for entry of a proposed Supplemental Stipulated Protective Order. The Producing Party shall not be required to produce any source code until the Court has entered a Supplemental Protective Order.

## II.    DISCLOSURE OF TECHNICAL ADVISERS

A.    Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the Receiving Party's technical advisers and their necessary support personnel.

B.    No disclosure of Protected Information to a technical adviser or his/her necessary support personnel shall occur until that person has signed the form attached hereto as Exhibit A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under paragraph II.C., that objection is resolved according to the procedures set forth below. No disclosure of Protected Information may be provided to an expert or consultant that is a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party, unless that expert or consultant otherwise qualifies under paragraph I.E.6.c to receive the

-7-

Protected Information. No disclosure of Protected Information may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *US. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, unless that expert or consultant otherwise qualifies under paragraph I.E.7.c to receive the Protected Information.

      C.    A Party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the Producing Party shall have seven business days after such notice is given to object in writing to the disclosure. The Party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, title, job responsibilities, employment history for the past three years including the name of each entity for whom the adviser has worked during that time, any past or present affiliation, whether on an employment or consulting basis, with the Receiving Party, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

      D.    A Producing Party objecting to disclosure of Protected Information to a technical adviser shall, within seven (7) business days of receiving notice of the intended disclosure, state with particularity the ground(s) of the objection. The objecting Party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its

-8-

objection must be based on that Party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that Party. If the Producing Party raises no such objection within seven (7) business days of receiving notice of the intended disclosure, the technical adviser shall be deemed qualified to receive the Protected Information described in the notice of intended disclosure.

E.      If, after consideration of the objection, the Party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that Party shall provide notice to the objecting Party and the Parties shall in good faith attempt to resolve the objection informally. Thereafter, if the informal efforts do not resolve the dispute within three business days of receiving such notice, the Party objecting to disclosure of Protected Information may, within seven (7) business days of receiving such notice, file a motion requesting that the technical advisor not be allowed to view the Protected Information. A failure to file a motion within the seven (7) business day period, absent an agreement of the Parties to the contrary or for an extension of such seven (7) business day period, shall operate to allow disclosure of the Protected Information to the technical adviser objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

F.      The objecting Party shall have the burden of showing by a preponderance of the evidence that the disclosure sought should be prohibited. The Protected Information subject to the objection shall not be disclosed to the technical advisor objected to unless and until the Court determines that the disclosure should be allowed.

G.     Without the express prior written consent of the Defendant that produced the Protected Information, no expert or consultant retained by a Defendant in this matter shall have access to Protected Information produced by another Defendant, if any, in this matter.

## III.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A.     The Parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B.     A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  The Parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached within five (5) business days after receipt of the Receiving Party's written challenge, the Receiving Party may request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating Party.

C.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

-10-

AGREED PROTECTIVE ORDER

## IV.    LIMITATIONS ON THE USE OF PROTECTED INFORMATION

A.    All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other proceeding, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, opposition proceeding, or any business or competitive purpose or function, and shall not be distributed, disclosed or made available to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

1.    A present or former director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that Party and of which the witness has personal knowledge; provided that Protected Information may not be disclosed to a former director, officer, and/or employee unless (a) the document containing the Protected Information indicates on its face that it was previously created by or transmitted to that person or (b) the Producing Party has consented to such disclosure or the Court has specifically permitted it.

2.    Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by

-11-

an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

3.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court, which have been designated as Protected Information, or which contain information so designated, shall be filed with the Court under seal in the manner prescribed by the Court for sealed filings.

4.     Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

5.     Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, exhibits, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL ATTORNEYS EYES ONLY

-12-

information for use in connection with this litigation and such working copies, exhibits, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL ATTORNEYS EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

6.     A portion of a deposition transcript may be designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY by an appropriate statement at the time such testimony is given   or thereafter by notifying the other Parties in writing of the portions of such testimony to be so designated within fourteen (14) days from receipt of the final certified transcript. Upon such request, the reporter shall mark on the title page the original and all copies of the transcript as designated. Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS EYES ONLY until the expiration of the time period to make a confidentiality designation. Any Party wishing to disclose the transcript or information therein prior to the expiration of this period may provide written notice of its intent to treat the transcript as non-confidential; on receipt of such notice, any Party wanting to maintain any portion of the transcript as Protected Information must designate the confidential portions within five (5) business days, or else the transcript may be treated as non-confidential.

7.     Any Protected Information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Information. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent

with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

        8.      Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Information based on the designation of such Protected Information. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Information.

        C.      No Party may remove, or cause to be removed, Protected Information produced by another Party from the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

-14-

D.      Nothing in this Order shall restrict in any way the use or disclosure of Protected Information by a Receiving Party: (i) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

E.      The Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal for treatment of Protected Information at trial to be submitted for approval by the Court. In addition, the Parties will not oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

## V.      NON-PARTY USE OF THIS PROTECTIVE ORDER

A.      A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

B.      A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any Party in this case.

## VI.     NO WAIVER OF PRIVILEGE

A.      Nothing in this Protective Order shall require disclosure of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such

-15-

privilege, doctrine, right or immunity, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert. Any Party that inadvertently produces or makes available for inspection materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s). The Producing Party shall provide a privilege log for any relevant inadvertently produced materials as soon as reasonably possible after requesting their return. The recipient(s) shall gather and return all copies of the privileged material to the Producing Party no later than five (5) business days after receiving a request for their return, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party. The recipient shall also destroy and certify such destruction within five (5) business days after receiving a request for return of inadvertently produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently produced material and shall not use such material for any purpose. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

B.      If the Receiving Party contests the privilege or work product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason for the disagreement. The Receiving Party may seek an Order from the Court compelling the production of the material. If no such Order is sought within thirty (30) days, then all copies of the disputed document shall be returned in accordance with paragraph VII.A. Absent a Court Order to the contrary, the Parties hereby agree and stipulate that any privilege or immunity that

-16-

was originally present will remain intact once any such document is returned or confirmed as destroyed by the recipient.

## VII.   NO WAIVER OF PROTECTION

A.      Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the two categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall notify all Receiving Parties that such documents are protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Information with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Within seven (7) days of receiving the Protected Information with the correct confidentiality designation, the Receiving Parties shall return or securely destroy and certify such destruction, at the Producing Party's option, all Protected Material that was not designated properly.

B.      In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking

further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of Protected Information or waive the right to hold the disclosed document or information as Protected.

      C.    A Receiving Party shall not be in breach of this Order for any use of such Protected Information before the Receiving Party receives the Protected Information with the correct confidentiality designation, unless an objectively reasonable person would have realized that the Protected Information should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Information with the correct confidentiality designation, the Receiving Party shall treat such Protected Information at the appropriately designated level pursuant to the terms of this Order. Notwithstanding the above, a subsequent designation of Protected Information shall apply on a going forward basis only and shall not disqualify anyone who reviewed Protected Information while the materials were not appropriately marked from engaging in any activities otherwise permitted by this Order.

## VIII.  MISCELLANEOUS PROVISIONS

      A.    The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

      B.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by counsel of record for the Party against whom such waiver will be effective.

      C.    The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs.

Except as otherwise herein, within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party (including technical advisors who received Protected Information) shall, at the option of the Producing Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order. In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed Party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Information for archival purposes only. Any such archived copies that contain or constitute Protected Information remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. All Parties that have received any such Protected Information shall certify in writing that all such materials have been returned to the respective outside counsel of the producing Party or destroyed.

-19-

Case 1:20-cv-10195-CM   Document 16-1   Filed 12/16/20   Page 20 of 26

D.      If at any time Protected Information in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person or entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice, (b) give written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such Producing Party or nonparty with an opportunity to object to the production of such documents.  The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any Producing Party or producing nonparty opposing the request for production of such documents or materials.  If a Producing Party or nonparty does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

E.      Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a Party and that Party's testifying expert(s) related to the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying experts solely on the ground that such material

was provided to the expert by counsel. All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

F.     No Party shall be required to identify on their respective privilege log any privileged document or communication related directly to this litigation (i.e., a privileged document or communication made in connection with or as a result of this lawsuit, rather than in the ordinary course of business) dated on or after the filing of this lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

G.     Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Protected Information to any person. Such disclosures shall not affect any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES ONLY designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

H.     This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Information, provided counsel does not disclose the Protected Information itself except as provided in this Order.

I.     The United States District Court for the Southern District of New York is responsible for the interpretation and enforcement of this Agreed Protective Order. After

AGREED PROTECTIVE ORDER

termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Southern District of New York. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

J.      Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

K.      Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply to any Protected Information obtained by that Party or its counsel prior to execution, even if prior to entry of this order by the Court.

L.      This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

-22-

AGREED PROTECTIVE ORDER

M.     All notices required by this Protective Order are to be served on the attorney(s) for the Plaintiff and Defendant.

SO STIPULATED, THROUGH COUNSEL OF RECORD.

## ADDENDUM

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER:

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

-24-

So ORDERED this 22 day of December, 2020.

_____
Honorable Colleen McMahon, U.S.D.J.

-25-

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Geigtech East Bay LLC. v. Lutron Electronics Co., Inc.;* Civil Action No. 1:20-cv-10195-CM pending in the Southern District of New York. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.


Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address:_____

Dated: _____

Signature: _____